UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM DAVIDSON, )
        Movant, )
)
v. ) No.  4:08-CV-1952 (CEJ)
)
UNITED STATES OF AMERICA, )
)
       Respondent. )

## MEMORANDUM

This matter is before the Court upon the motion of William Davidson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion.

### I. Background

Davidson pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (Count 1); bank fraud, in violation of 18 U.S.C. §§ 1344, 1346 and 2 (Count 18); attempt to evade income taxes, in violation of 26 U.S.C. § 7201 (Count 19); and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(ii) and 2 (Count 26).  On September 12, 2007, he was sentenced to concurrent terms of imprisonment of 60 months on Counts 1 and 19 and 120 months on Counts 18 and 26.  Davidson's appeal of the judgment was dismissed on December 18, 2007.

### II. Discussion

#### A. Statute of Limitations

A one-year limitations period applies to motions to vacate filed under 28 U.S.C. § 2255.  The events that trigger this limitations period are set forth in 28 U.S.C. §

2255(f).  The event that is relevant in this case is "the date on which the judgment of conviction becomes final." § 2255(f)(1).

The United States makes the unsupported assertion that Davidson's motion is time-barred.  The motion was filed on December 17, 2008, within one year of the dismissal of Davidson's direct appeal.  Therefore, the motion is timely. See United States v. Sanchez-Gonzalez, 643 F.3d 626, 629 (8th Cir. 2011) (citing United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006) (conviction does not become final for purposes of § 2255 until ninety days after appellate court's ruling on direct appeal).

### B.  Grounds for Relief

In his motion to vacate, Davidson claims that he was denied effective assistance of counsel.  Specifically, he asserts:

(1) his attorney failed to properly prepare for trial and refused to request a continuance to obtain more time to prepare; and

(2) his attorney failed to object to the plea agreement or failed to properly advise Davidson of the scope of the agreement.

Six different lawyers represented Davidson at various points during the criminal case.  His allegations of ineffective assistance of counsel are directed only to John D. Stobbs, II, the attorney who represented him at the change of plea hearing and at sentencing.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.  Id. at 689.  In order to show prejudice in the context of a guilty plea, the movant must show that there is a reasonable probability that, but for counsel's errors, he would

have not pleaded guilty, but instead would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009). The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

**Ground 1**

Davidson alleges that Mr. Stobbs's trial preparation was inadequate and he refused to ask for a continuance that would have allowed him more time to prepare for trial. Davidson states that, because of this, he had "no choice other than to plead guilty." *Motion to Vacate*, p. 2 [Doc. #1].

The original indictment was filed in September 2005; a superseding indictment was returned on October 13, 2005. After the withdrawal (and in one instance, the disqualification) of his previous attorneys, Davidson retained Mr. Stobbs, who entered his appearance on March 6, 2007. By that time, the Court had granted five motions by Davidson to continue the trial date. See United States v. William Davidson, Case No. 4:05-CR-519 (CEJ) (E.D.Mo.)[Doc. ## 32, 52, 57, 61,78]. On March 19, 2007, Mr. Stobbs filed a motion to continue, stating that he needed additional time to review the evidence and prepare for trial. The motion was granted, and a new trial date of May 14, 2007 was established. However, the Court made it clear that the parties would be expected to be ready on the new trial date and that "[f]urther requests for continuance based on reasons other than illness or death will be treated with disfavor." Id. [Doc. # 86]. Davidson pled guilty on May 3, 2007.

Contrary to Davidson's allegations, Mr. Stobbs did ask for a postponement of the trial so that he could prepare for trial.   Given the Court's admonition about further continuance requests, there is no reasonable probability that Mr. Stobbs would have been granted another continuance.   An attorney's failure to file a futile motion does not constitute ineffective assistance of counsel.  Hale v. Lockhart, 903 F.2d 545, 549-550 (8th Cir. 1990).  *See also* United States v. Smith, 107 F.3d 876 (8th Cir. 1997)(no ineffective assistance where defense counsel did not attempt to interview a witness whose attorney would have advised her to refuse).   Davidson cannot show that he was prejudiced by Mr. Stobb's failure to seek another continuance.

The Court also finds that Davidson has not shown that his attorney's trial preparation was deficient.   The record reveals that Mr. Stobbs met with Davidson, reviewed documents pertaining to the charges, and filed pretrial motions.  Further, the letters Davidson attaches to his motion to vacate show that Mr. Stobbs was indeed preparing for trial.

Davidson states that his "defense rested in large part on the calculation of loss regarding his charges," and for that reason he asked Mr. Stobbs to retain an expert witness. *Motion to Vacate*, pp. 3-4.   He also states that Mr. Stobbs was aware that two potential defense witnesses would not be available until August 2007.  Davidson does not identify any aspect of the loss calculation or any other issue in the case for which expert testimony would have been necessary or allowed by the Court. Additionally, there is no reason to believe that Mr. Stobbs would have succeeded in obtaining another continuance based on witness unavailability.

Finally, the record of the change of plea hearing belies Davidson's claim that his attorney's deficient performance rendered his guilty plea involuntary.  During the hearing, Davidson stated under oath as follows:

> THE COURT: Mr. Davidson, have you had enough time to talk to Mr. Stobbs about this case and about your decision to plead guilty?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: I know you were previously represented by another attorney, and Mr. Stobbs has been representing you for the last couple of months, I guess?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right.  And you feel you've had enough time to review the case with him?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Okay.  Are you satisfied with the legal representation that you've received from Mr. Stobbs?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any complaints about the way he's handled the case?
>
> THE DEFENDANT: No, ma'am.

Davidson, Case No. 4:05-CR-519, Transcript, pp. 9-10 [Doc. 170]. Additionally, when asked whether he felt he had been "pressured in any way to plead guilty," Davidson responded, "No, ma'am." Id. at p. 12.  Thus, while Davidson was given ample opportunity to voice any concerns or objections he had about Mr. Stobbs's representation, he stated under oath that he had none.  He also stated that he had not been pressured in any way to plead guilty.   The Court gives greater weight to the statements Davidson made under oath than to the contradictory allegations in his

motion to vacate.  See United States v. Harvey, 147 Fed. Appx. 627, 2005 WL 2923572 (8th Cir. 2005)[citing Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").].

**Ground 2**

Davidson's second claim is that Mr. Stobbs failed to object to the plea agreement and failed to advise him of the scope of the agreement.  The plea agreement resulted from negotiations between the parties and did not involve the Court.  Thus, any "objection" had to be resolved by the parties and could not have been presented to the Court.

During the change of plea hearing, the Court reviewed the terms of the plea agreement with Davidson.  Davidson stated under oath that he had read the agreement, reviewed it with his attorney, and understood its contents.  The Court specifically asked Davidson about the provision in which the government agreed not to prosecute him for his "involvement in tax fraud, mail fraud, wire fraud, and bank fraud between January 1, 1989, through December 1, 2002."  Davidson acknowledged that this was the government's promise.  Davidson, Case No. 4:05-CR-519, Transcript, pp. 12-17 [Doc. 170].  Again, Davidson's allegation that Mr. Stobbs did not review the agreement with him is belied by his statements under oath, and Davidson cannot show that he was prejudiced.  Davidson's contention that he was denied effective assistance of counsel by Mr. Stobbs's failure to inform him that the plea agreement did not preclude the government from prosecuting him for crimes he committed in October 2007, after the change of plea hearing, is absurd.

III. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Davidson is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. Additionally, the Court finds that Davidson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order denying the motion is separately filed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2012.